# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAVID TERREBONNE** | **CIVIL ACTION** |
| **VERSUS** | **NO: 16-8630** |
| **B & J MARTIN, INC., ET AL** | **SECTION: "H" (4)** |

## ORDER AND REASONS

Before the Court is **Motion to Compel Rule 35 Examination (R. Doc. 15)** filed by filed by the Defendant, B&J Martin, Inc. seeking an order compelling the intendent medical examination of David Terrebonne. The motion is opposed. R. Doc. 21. The motion was submitted on February 22, 2017 and heard with argument that same day. For the following reasons, the motion is **GRANTED.**

## I. Background

This action was filed in the District Court on June 7, 2016 under the Jones Act. R. Doc. 1. Plaintiff David Terrebonne ("Plaintiff") alleges that around November or December of 2015 he was working aboard the F/V Amy Claire owned by the Defendant when he began to experience chest pain. *Id.* at p. 2. The Plaintiff further alleges that he informed the Defendant of the chest pain for weeks, but the Defendant allegedly would not permit him to leave the vessel to seek medical attention. *Id.* Plaintiff alleges that he was once permitted to leave but was called back before he could medical help. *Id.* Before he could seek medical help, the Plaintiff suffered a cardiac event and went to the hospital in January 2016. While there, he was advised that he needed a small procedure, but the Defendant allegedly refused to pay. *Id.* at p. 3. The Defendant allegedly refused to cover the procedure for another five (5) months until the Plaintiff finally was forced to undergo open heart surgery at UMC in New Orleans, Louisiana. The Plaintiff alleges that the Defendant's negligence exacerbated the illness and states a number of claims under general martime laws. The Plaintiff seeks a total of $1,850,000. *Id.* at p. 6-7

At this time, the Defendant has filed a Motion to Compel Rule 35 Examination (R. Doc. 15) seeking to compel an independent medical examination ("IME") with Dr. R. Dean Yount, a cardiologist in New Orleans. However, the Plaintiff has only objected to the IME as well as opposed the motion for the sole reason that the IME is scheduled in New Orleans. R. Doc. 21. The Plaintiff argues that he is medically unable to travel to New Orleans from Golden Meadow, Louisiana and requests that an examination occur in either Houma or Thibodeaux, Louisiana. *Id.*

## II.  Standard of Review

Physical and mental examinations are governed by Federal Rule of Civil Procedure 35. Rule 35 allows the Court to order "a party whose mental or physical condition…is in controversy to submit to a physical or mental examination" when there has been a "motion for good cause and on notice to all parties and the person to be examined." Fed. R. Civ. P. 35(a)(1)-(2); *see also, Acosta v. Tenneco Oil Co.*, 913 F.2d 205, 208 (5th Cir. 1990) ("Under Rule 35, three requirements are necessary to enable a court to order a Rule 35 exam: (1) the party's physical or mental condition must be in controversy; (2) the expert must be either a physician or a psychologist; and (3) good cause must be shown."). Rule 35's "in controversy" and "good cause" requirements "are not satisfied by showing 'mere relevance to the case.'" *In re Oil Spill by Oil Rig DEEPWATER HORIZON*, MDL No. 2179, 2012 WL 607971, at *3 (E.D. La. Feb. 24, 2012) (quoting *Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964)). As the court in *In Re Oil Spill by Oil Rig DEEPWATER HORIZON* explained:

> Rather, what is required is "an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." Whether these requirements are met necessarily depends on the particular facts of the case and the scope of the examination sought.

2012 WL 607971, at *3 (citations omitted) (quoting *Schlagenhauf*, 379 U.S. at 118). Finally, "Rule 35(a) should be liberally construed in favor of discovery." *Lahr v. Fulbright & Jaworski, L.L.P.*, 164 F.R.D. 204, 207 (N.D. Tex. 1996).

In selecting the independent expert to conduct the examination, "the usual attitude is that although the moving party has no absolute right to the choice of the physician, when no serious objection arises, it is probably best for the court to appoint the doctor of the moving party's choice." *Lahr v. Fulbright & Jaworski, L.L.P.*, 164 F.R.D. 196, 202 (N.D. Tex. 1995) (citing 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice &Procedure*, §2234.2 (1994)).

**III.     Analysis**

Here, the Defendant has filed a motion for the Plaintiff to submit to an Independent Medical Examination with Dr. R. Dean Yount. R. Doc. 15. At this time, the Plaintiff does not argue that his physical health is "in controversy" or that there is "good cause" for an IME. R. Doc. 21, p. 1. Rather, the Plaintiff's only objection is to the location of the IME.

"Most judges have, in the usual case, ordered the plaintiff to appear for examination at the place where the trial would be held—that is, at the venue selected initially by the plaintiff." *Baird v. Quality Foods, Inc.*, 47 F.R.D. 212, 212-13 (E.D. La. 1969); *see also* 8B C. Wright, A. Miller & R. Marcus, *Federal Practice and Procedure* § 2234 (3d ed. 2016) ("Usually plaintiff will be required to come to the place where he or she filed suit for the examination, in the absence of facts showing substantial reasons for insisting upon examination at his or her residence."). However, the usual case may give way where the plaintiff can demonstrate that "the trip would be injurious to his health, or that there is any other compelling reason for his reluctance." *Baird*, 47 F.R.D. at 213.

Here, the Plaintiff complains that travelling the additional 30-40 miles beyond Houma and Thibodeaux to New Orleans would be injurious to his health given the stress such a trip would place on him in light of his open-heart surgery. R. Doc. 21, p. 3. The Plaintiff has argued that depositions have already been re-scheduled to take place closer to the Plaintiff's residence in light of these concerns. *Id.* The Plaintiff also notes that he has suffers from shortness of breath. *Id.* at p. 3. In turn, the Defendant argues that none of the Plaintiff's medical records indicate any travel restrictions

3

being placed on the Plaintiff or any complaints about difficulty traveling. R. Doc. 15-1, p. 5. Additionally, the Defendant argues that the Plaintiff's primary care physician has indicated that the Plaintiff has reached maximum medical improvement. *Id.*

As the Plaintiff appears to concede, there are no medical records indicating an inability to travel to New Orleans. R. Doc. 21, p. 3 ("None of [the Plaintiff's] physicians have had to address the issue of travel restrictions because the Plaintiff has never requested an opinion on this subject he knows his own limitations."). While sympathetic to the Plaintiff's medical history, the Court is reluctant to find that travelling an additional 30-40 miles would be so injurious to the Plaintiff's health as to override the Defendant's choice of doctor for an IME with nothing more beyond the mere word of the Plaintiff about his own limitations.

### IV. Conclusion

**IT IS FURTHER ORDERED** that the Defendant's **Motion to Compel Rule 35 Examination (R. Doc. 15)** is **GRANTED**.

**IT IS FURTHER ORDERED** that the Plaintiff is to appear and attend a full cardiac evaluation on February 23, 2017 at 8:30 a.m. with Dr. R. Dean Yount, located at Crescent City Cardiovascular Associates, 1401 Foucher Street, New Orleans, Louisiana 70115.

New Orleans, Louisiana, this 22nd day of February 2017.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**