## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**DAVID TERREBONNE**                        **CIVIL ACTION**

**VERSUS**                                  **NO: 16-8630**

**B & J MARTIN, INC.**                      **SECTION: "H"(4)**

## <u>ORDER AND REASONS</u>

Before the Court is Defendant's Motion for Partial Summary Judgment
(Doc. 22).  For the following reasons, this Motion is **GRANTED IN PART**.

## BACKGROUND

This is a Jones Act case.  Plaintiff worked aboard the F/V AMY CLAIRE,
a vessel owned by his employer, Defendant B&J Martin, Inc.    In
November/December of 2015, Plaintiff was working aboard the vessel on
navigable waters when he began to experience chest pain.  Despite advising
Defendant of this pain for weeks, he avers that he was not permitted to leave
the boat to seek medical attention.  He eventually suffered a cardiac event.  At
that time he was advised that he needed a small heart procedure; however,
Defendant refused to pay for this procedure.  He alleges that as a result, he

was forced to wait five months and ultimately undergo more extensive open heart surgery at a charity hospital in New Orleans.   He brings claims for negligence, unseaworthiness, and maintenance and cure.

In the instant Motion, Defendant seeks summary judgment on Plaintiff's claim for cure.  Plaintiff opposes.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1]  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[2]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[3]  "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[4]  Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[5]  "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that

---

[1] Fed. R. Civ. P. 56(c) (2012).
[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[3] *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528 (5th Cir. 1997).
[4] *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).
[5] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

2

evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[6] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[7] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[8]

## LAW AND ANALYSIS

Defendant moves for summary judgment on Plaintiff's claim for cure, arguing that it is precluded by Plaintiff's Medicaid eligibility. Plaintiff responds in opposition, arguing that Defendant's Motion is premature.

Under general maritime law, a ship owner must pay maintenance and cure to a seaman injured while in the service of the vessel. "Cure" is defined as the reasonable cost of medical expenses incurred by a seaman until he reaches maximum medical improvement.[9] "The law recognizes that a Jones Act employer has no obligation to provide maintenance and cure benefits when the seaman's living expenses and medical treatment are provided by others at no expense to the seaman."[10] The cure obligation was historically satisfied by the free medical care provided to seamen through the United States Public Service Hospitals; however, this entitlement to care no longer exists.[11] Many

---

[6] *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

[7] *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

[8] *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

[9] *Hall v. Noble Drilling Inc.*, 242 F.3d 582, 586-87 (5th Cir 2001).

[10] *In re McKinney Inland, L.L.C.*, No. CIV. A. 07-5564, 2008 WL 1901698, at *2 (E.D. La. Apr. 25, 2008) (Barbier, J.).

[11] *Lovell v. Master Braxton, LLC*, No. CV 15-3978, 2016 WL 6819043, at *5 (E.D. La. Nov. 18, 2016) (Fallon, J.).

courts have found that Medicaid is "the functional equivalent of the previously available free treatment at Public Health Service Hospitals."[12]  Accordingly, a ship owner may avoid liability for cure payments to the extent that a plaintiff's medical bills are paid by Medicaid, as this medical care is provided at no cost to the injured seamen.[13]

The parties agree that Medicaid satisfies a defendant's cure obligation "to the extent an injured seaman qualifies for [Medicaid], and the [Medicaid] facilities are available within a reasonable distance from the seaman's residence, and competent physicians are likewise available and will accept [Medicaid] payment."[14]  Though Plaintiff concedes that his claim for cure is abrogated to the extent that his medical bills are paid by Medicaid, he argues that Defendant's cure obligation should not be fully discharged at this time. In support of this argument, he points to multiple outstanding bills from several medical providers for which Medicaid has not yet paid benefits. Discovery is ongoing, and it may yet be shown that some of the providers will not accept Medicaid payments. Additionally, Plaintiff is still treating for his injuries and continues to incur medical bills.  Until it is determined that he will face no exposure for these bills, summary judgment on his cure claim is inappropriate.[15]  The Court will, however, grant summary judgment in favor

---

[12] *Id.*

[13] *Id.*

[14] *In Matter of Gulf Pride Marine Serv., Inc*., No. 96-1104, 1997 WL 118394, at *13 (E.D. La. Mar. 14, 1997) (Fallon, J.).

[15] Defendant is correct that the burden of showing that Medicaid is insufficient to provide cure ultimately lies with the Plaintiff. *Toulson v. Ampro Fisheries*, 872 F. Supp. 271, 277 (E.D. Va. 1995).  However, given that discovery is ongoing and Plaintiff is not at maximum medical improvement, the Court is unwilling to fully discharge Defendant's cure obligation at this time.

of Defendant to the extent that Medicaid has provided payment for Plaintiff's medical expenses.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Partial Summary Judgment is **GRANTED IN PART**.  Defendant's cure obligation is satisfied to the extent that Medicaid has tendered payment for Plaintiff's medical expenses.

New Orleans, Louisiana this 20th day of March, 2017.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

5